TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Acting Chief, Major Crimes Section
JENA A. MACCABE (Cal. Bar No. 316637)
Acting Deputy Chief, Major Crimes Section
Assistant United States Attorneys
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6495/5046
     Facsimile: (213) 894-0141
     E-mail:    kevin.butler2@usdoj.gov
                jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>CARLOS VICTOR MESTANZA CERCADO,<br>JAZAEL PADILLA RESTO,<br>  aka "Ricardo Noel Moya,"<br>  aka "Ricardo Barbosa,"<br>  aka "Alberto Javier Loza Chamorro,"<br>PABLO RAUL LUGO LARROIG,<br>  aka "Walter Loza," and<br>JORGE ENRIQUE ALBAN,<br><br>          Defendants. | No. 5:25-cr-00198-KK-1, 2, 3, 5<br><br><u>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:**   02-23-26<br><br>**PROPOSED TRIAL DATE:**  10-05-26 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Kevin J. Butler and Jena A. MacCabe, and defendants JAZAEL PADILLA RESTO, also known as "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier

Loza Chamorro" ("defendant PADILLA"), PABLO RAUL LUGO LARROIG, also known as "Walter Loza" ("defendant LUGO"), and JORGE ENRIQUE ALBAN ("defendant ALBAN") (collectively, "defendants"),[1] both individually and by and through their counsel of record, Elon Berk, Deputy Federal Public Defender Young Kim, and Robert Bernstein, respectively, hereby stipulate as follows:

1. The Indictment in this case was filed on June 11, 2025. Defendant LUGO first appeared before a judicial officer of the court in which the charges in this case were pending on June 17, 2025. Defendant PADILLA first appeared before a judicial officer of the court in which the charges in this case were pending on July 28, 2025. Defendant MESTANZA first appeared before a judicial officer of the court in which the charges in this case were pending on August 6, 2025. Defendant ALBAN first appeared before a judicial officer of the court in which the charges in this case were pending on August 29, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before August 26, 2025, for defendant LUGO, on or before October 6, 2025, for defendant PADILLA, on or before October 15, 2025, for defendant MESTANZA, and on or before November 7, 2025, for defendant ALBAN. All other co-defendants either have a pending motion to dismiss or are fugitives.

2. On June 17, 2025, the Court set a trial date of August 11, 2025, and a pretrial conference and motion hearing on July 24, 2025,

---

[1] Co-defendant JESON NELON PRESILLA FLORES filed a motion to dismiss the indictment following his deportation. The other co-defendants have not yet appeared in this case. Accordingly, this stipulation does not include those co-defendants. However, this stipulation includes the trial date for defendant CARLOS VICTOR MESTANZA CERCADO ("defendant MESTANZA"), who personally declined to sign the stipulation but whose counsel of record, Adam Axelrad, requests more time to prepare for trial.

2

at 1:30 p.m. for defendant LUGO.  On July 28, 2025, the Court set a trial date of September 22, 2025, and a pretrial conference and motion hearing on September 4, 2025, at 1:30 p.m. for defendant PADILLA.  On August 6, 2025, the Court set a trial date of September 29, 2025, and a pretrial conference and motion hearing on September 11, 2025, at 1:30 p.m. for defendant MESTANZA.  On August 29, 2025, the Court set a trial date of October 20, 2025, and a pretrial conference and motion hearing on October 2, 2025, at 1:30 p.m. for defendant ALBAN.

3.   Defendants MESTANZA and PADILLA are detained pending trial. Defendants LUGO and ALBAN are released on bond pending trial.  The parties estimate that the trial in this matter will last approximately six days.  All defendants are joined for trial and a severance has not been granted.

4.   The Court has previously continued the trial date in this case from August 11, 2025, for defendant LUGO, September 22, 2025, for defendant PADILLA, September 29, 2025, for defendant MESTANZA, and October 20, 2025, for defendant ALBAN, to February 23, 2026, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5.   By this stipulation, defendants move to continue the trial date to October 5, 2026, and the pretrial conference and motion hearing to September 17, 2026, at 1:30 p.m.  This is the second request for a continuance as to all defendants.

6.   Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

3

1            a.    Defendants are charged with violations of 18 U.S.C.
2 § 371: Conspiracy; 18 U.S.C. § 1951(a): Conspiracy to Interfere with
3 Commerce by Robbery and Interference with Commerce by Robbery; 18
4 U.S.C. § 659: Theft from Interstate or Foreign Shipment.  The
5 government has produced discovery to the defense, including law
6 enforcement reports, investigative process and returns, videos,
7 photographs, license plate reader information, cell-site location
8 information, and criminal history information for a total of 9,114
9 bates numbers.
10           b.    Defense counsel for defendants MESTANZA and PADILLA
11 have other court obligations.  Accordingly, counsel represent that
12 they will not have the time that they believe is necessary to prepare
13 to try this case on the current trial date.  Counsel for defendant
14 MESTANZA further represents that he needs more time to review and
15 evaluate the discovery with his client.
16           c.    Defense counsel for defendant LUGO is presently
17 scheduled to be in trial: (1) on March 3, 2026, in United States v.
18 Gonzalez, ED CR 22-00014-JGB, a drug trafficking case, where trial is
19 expected to last three days and defendant is in custody and arraigned
20 March 13, 2024, with three continuances granted; (2) on March 16,
21 2026, in United States v. De La Cruz Reyes, ED CR 24-00269-SSS, a
22 production of child pornography case, where trial is expected to last
23 four to five days and defendant is in custody and arraigned November
24 24, 2024 with two continuances granted; (3) on March 30, 2026, in
25 United States v. Adams, ED CR 24-00047-KK, a drug trafficking case,
26 where trial is expected to last two to three days and defendant is
27 out on bond and arraigned March 8, 2024, with four continuances
28 granted; (4) on April 6, 2026, in United States v. Bautista, ED CR

24-00206-KK, a drug trafficking case, where trial is expected to last three days and defendant is in custody and arraigned August 27, 2024, with three continuances granted; (5) on April 7, 2026, in United States v. Cabrera, ED CR 24-215-JGB, a bank fraud case, trial is expected to last four to five days, where defendant is out on bond and arraigned September 24, 2024, with three continuance granted; (6) on April 13, 2026 in United States v. Sergio Miranda-Madrigal, 23-CR-129-JGB, a capital murder case, trial is expected to last five days, where defendant is in custody and arraigned on July 25, 2023, with three prior continuances granted; (7) on April 20, 2026, in United States v. Alejandre, ED CR 25-00231-KK, a robbery case, where trial is expected to last three days and defendant is in custody and arraigned July 25, 2025, with one continuance granted; (8) on May 12, 2026, in United States v. Chavarria-Bucio, ED CR 25-00104-JLS, an illegal reentry case, where trial is expected to last three days and defendant is in custody and arraigned April 8, 2025 with two continuances granted; (9) on May 26, 2026, in United States v. Davis, ED CR 22-166-JGB, a drug trafficking case, trial is expected to last three days, where defendant is in custody and arraigned February 2, 2024, with four continuances granted; (10) on June 9, 2026, in United States v. Jimenez-Ibanez, ED CR 25-00217-AH, an illegal reentry case, where trial is expected to last three days and defendant is out of custody and arraigned April 3, 2025 with two continuances granted; (11) on June 15, 2026, in United States v. Ruiz-Medina, ED CR 24-216-SSS, a drug trafficking case, where trial is expected to last two to three days and defendant is in custody and arraigned September 9, 2024, with four continuances granted; (12) on July 20, 2026, in United States v. Quintero, ED CR 25-00296-SSS, a drug trafficking

5

case, where trial is expected to last three days and defendant is out of custody and arraigned September 29, 2025, with one continuance granted; (13) on August 3, 2026, in United States v. Juarez, ED CR 25-00225-KK, a felon in possession case, where trial is expected to last three days and defendant is in custody and arraigned October 23, 2025, with one continuance granted; (14) on August 17, 2026, in United States v. Pacilio, ED CR 25-00343-KK, a drug trafficking case, where trial is expected to last three days and defendant is in custody and arraigned October 23, 2025, with no continuances granted; and (15) on October 20, 2026, in United States v. Jaimes, ED CR 23-199-JGB, a kidnapping case, trial is expected to last three to four days, where defendant is in custody and arraigned October 17, 2023, with four continuances granted.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   d. Defense counsel for defendant ALBAN is presently scheduled to be in trial in: United States v. Samane, 2:25-cr-00780-SVW, on February 24, 2026, for conspiracy to defraud the United States, with three defendants, for an estimated trial length of 3 days, and with one prior continuance; United States v. Garcia, 5:24-cr-262-ODW, on March 17, 2026, for distribution of fentanyl resulting in death, with one defendant, for an estimated trial length of 4 days, with two prior continuances; United States v. Castillo, 2:19-cr-00117-ODW-26, on April 14, 2026, for VICAR murder, with eight defendants, for an estimated trial length of 2 months, with ten prior continuances; United States v. Lincoln-Robles, 2:23-cr-00524-DMG, on June 2, 2026, for conspiracy to distribute cocaine and methamphetamine and conspiracy to launder money, with fourteen

6

1 defendants, for an estimated trial length of 3 weeks, with two prior
2 continuances; United States v. Castro, 2:25-cr-00840-MEMF, on June
3 29, 2026, for RICO and narcotics conspiracy, with fourteen
4 defendants, for an estimated trial length of 4 weeks, with one prior
5 continuance; and United States v. Imbert, 2:24-cr-00665-SVW-9, on
6 August 1, 2026, for money laundering conspiracy and aiding and
7 abetting, with ten defendants, for an estimated trial length of 3
8 weeks, with two prior continuances.  Accordingly, counsel represents
9 that he will not have the time that he believes is necessary to
10 prepare and be available to try this case on the current trial date.
11          e.   In light of the foregoing, counsel for defendants also
12 represent that additional time is necessary to confer with
13 defendants, conduct and complete an independent investigation of the
14 case, conduct and complete additional legal research including for
15 potential pre-trial motions, review the discovery and potential
16 evidence in the case, and prepare for trial in the event that a
17 pretrial resolution does not occur.  Defense counsel represent that
18 failure to grant the continuance would deny them reasonable time
19 necessary for effective preparation, taking into account the exercise
20 of due diligence.
21          f.   Defendants believe that failure to grant the
22 continuance will deny them continuity of counsel and adequate
23 representation.
24          g.   The government does not object to the continuance.
25          h.   The requested continuance is not based on congestion
26 of the Court's calendar, lack of diligent preparation on the part of
27 the attorney for the government or the defense, or failure on the
28

7

part of the attorney for the Government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 23, 2026, to October 5, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Defendant MESTANZA personally declined to sign this stipulation, but his counsel of record requests more time to prepare for trial. Nonetheless, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of February 23, 2026, to October 5, 2026, constitutes a reasonable period of delay for defendant MESTANZA, who is joined for trial with co-defendants as to whom the time for trial has not run and no motion for severance has been granted.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 23, 2026              Respectfully submitted,

                                  TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

      /s/
KEVIN J. BUTLER
JENA A. MACCABE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: January 23, 2026              /s/ (with email authorization)
ADAM AXELRAD
Attorney for Defendant
CARLOS VICTOR MESTANZA CERCADO

1 | I am JAZAEL PADILLA RESTO's, also known as "Ricardo Noel Moya,"
2 | "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," attorney. I
3 | have carefully discussed every part of this stipulation and the
4 | continuance of the trial date with my client. I have fully informed
5 | my client of his Speedy Trial rights. To my knowledge, my client
6 | understands those rights and agrees to waive them. I believe that my
7 | client's decision to give up the right to be brought to trial earlier
8 | than October 5, 2026, is an informed and voluntary one. I am signing
9 | this stipulation on behalf of my client. I will take reasonable
10 | steps to obtain my client's signature promptly, and the government
11 | will file it upon receipt.

_/s/ Elon Berk_  1/23/26
ELON BERK                              Date
Attorney for Defendant
JAZAEL PADILLA RESTO, aka
"Ricardo Noel Moya," "Ricardo
Barbosa," and "Alberto Javier
Loza Chamorro"

17 | I have read this stipulation and have carefully discussed it
18 | with my attorney. This agreement has been read to me in Spanish, the
19 | language I understand best, and I have carefully discussed every part
20 | of it with my attorney. I understand my Speedy Trial rights. I
21 | voluntarily agree to the continuance of the trial date, and give up
22 | my right to be brought to trial earlier than October 5, 2026.

_/s/ Elon Berk on Behalf of Jazael Resto_  1/23/26
JAZAEL PADILLA RESTO, aka              Date
"Ricardo Noel Moya," "Ricardo
Barbosa," and "Alberto Javier
Loza Chamorro"
Defendant

//

**CERTIFICATION OF INTERPRETER**

I, _____, am fluent in the written and spoken English and Spanish languages.  I accurately translated this entire agreement from English into Spanish to defendant JAZAEL PADILLA RESTO, also known as "Ricardo Noel Moya," "Ricardo Barbosa," and "Alberto Javier Loza Chamorro," on this date.

_____    _____
INTERPRETER                                                    Date

1  I am PABLO RAUL LUGO LARROIG's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of the
3  trial date with my client. I have fully informed my client of his
4  Speedy Trial rights. To my knowledge, my client understands those
5  rights and agrees to waive them. I believe that my client's decision
6  to give up the right to be brought to trial earlier than October 5,
7  2026, is an informed and voluntary one.

_____   1/16/26
YOUNG KIM                           Date
Deputy Federal Public Defender
Attorney for Defendant
PABLO RAUL LUGO LARROIG

12  I have read this stipulation and have carefully discussed it
13  with my attorney. This agreement has been read to me in Spanish, the
14  language I understand best, and I have carefully discussed every part
15  of it with my attorney. I understand my Speedy Trial rights. I
16  voluntarily agree to the continuance of the trial date, and give up
17  my right to be brought to trial earlier than October 5, 2026. I
18  understand that I will be ordered to appear in Courtroom 3 of the
19  Federal Courthouse, 3470 Twelfth Street, Riverside, California, on
20  September 17, 2026, at 1:30 p.m. for the pretrial conference and
21  motion hearing and on October 5, 2026, at 8:30 a.m. for trial.

_____   1/16/26
PABLO RAUL LUGO LARROIG             Date
Defendant

**CERTIFICATION OF INTERPRETER**

I, _Carina Arriola_____, am fluent in the written and *sight-translated* spoken English and Spanish languages. I accurately translated this

entire agreement from English into Spanish to defendant PABLO RAUL LUGO LARROIG on this date.

_____  _1/15/2026_____
INTERPRETER                       Date

1  I am JORGE ENRIQUE ALBAN's attorney.  I have carefully discussed
2  every part of this stipulation and the continuance of the trial date
3  with my client.  I have fully informed my client of his Speedy Trial
4  rights.  To my knowledge, my client understands those rights and
5  agrees to waive them.  I believe that my client's decision to give up
6  the right to be brought to trial earlier than October 5, 2026, is an
7  informed and voluntary one.

8  _____   1/14/24
9  ROBERT BERNSTEIN                    Date
   Attorney for Defendant
10 JORGE ENRIQUE ALBAN

11

12  I have read this stipulation and have carefully discussed it
13 with my attorney.  I understand my Speedy Trial rights.  I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than October 5, 2026.  I
16 understand that I will be ordered to appear in Courtroom 3 of the
17 Federal Courthouse, 3470 Twelfth Street, Riverside, California on
18 September 17, 2026, at 1:30 p.m. for the pretrial conference and
19 motion hearing and on October 5, 2026, at 8:30 a.m. for trial.

20 _____   1/16/26
21 JORGE ENRIQUE ALBAN                 Date
   Defendant